RECEIVED
MAR - 6 2012
TONY R. MOORE, CLERK
BY_____
  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JOHN C. THOMAS

versus

GLENN NEAL MYERS,
PAM TRANSPORT, INC.,
PAM'S MEDICAL TRANSPORTATION
and CHEROKEE INSURANCE CO.

CIVIL ACTION NO. 11-1811
JUDGE TOM STAGG

---

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Glen Neal Myers, PAM Transport, Inc., and Cherokee Insurance Company (hereinafter collectively referred to as "the defendants"). See Record Document 11. For the reasons set forth below, the defendants' motion for summary judgment is **GRANTED**.

### I. BACKGROUND

On August 13, 2010, an automobile accident occurred on Interstate 20 near milepost 23 in Bossier Parish, Louisiana. The plaintiff, John Thomas ("Thomas"), alleges that a tractor-trailer driven by Glen Neal Myers[1] impacted his vehicle in the rear, causing it to "contact the right side rail of the roadway, then the left side rail, and

---

[1] Myers was operating the tractor-trailer on behalf of PAM Transport, Inc.

finally, to flip over[.]" Record Document 1. Thomas filed his petition for damages by facsimile on August 19, 2011, in the 26th Judicial District Court for the Parish of Bossier, and his original petition for damages was filed in that court on August 25, 2011. Thereafter, the defendants removed the case to this court on the basis of diversity jurisdiction. The defendants have now filed a motion for summary judgment, contending that the plaintiff's lawsuit indicates on its face that it was filed more than one year after the accident and, thus, the plaintiff's claim has prescribed. See Record Document 11.

## II. ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

---

[2] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Prescription.**

The defendants contend that Thomas's petition for damages reveals on its face that prescription has run. Thomas asserts that the doctrine of *contra non valentem* applies to suspend prescription because "due to petitioner's severe injuries, including brain damage, petitioner remained in a coma for sometime after the accident, and was unaware of the accident until weeks later." Record Document 1.

If the face of the petition indicates that the prescriptive period has already elapsed, the plaintiff has the burden of proving why the claim has not prescribed. See Wimberly v. Gatch, 635 So.2d 206, 211 (La. 1994). The prescriptive period for

3

Thomas's civil action is one year, and prescription began to run on the day that the injury or damage was sustained. See La. Civ. Code art. 3492. Thomas's alleged damages were sustained on August 13, 2010. He did not file suit until August 19, 2011, by facsimile. Thus, the petition reveals on its face that the action has prescribed.

Louisiana Civil Code article 3467 provides that "[p]rescription runs against all persons unless exception is established by legislation." The Louisiana Supreme Court has applied the jurisprudential doctrine of *contra non valentem* as an exception to this statutory rule and recognized four factual situations in which *contra non valentem* prevents the running of prescription:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

Marin v. Exxon Mobil Corp., 48 So.3d 234, 245 (La. 2010) (citation omitted). The Louisiana Supreme Court has described the fourth category of *contra non valentem*

4

as "generically similar to instances provided by statute where prescription does not begin to run until the claimant has knowledge of his cause of action." Corsey v. State, Through Dep't of Corr., 375 So.2d 1319, 1322 (La. 1979). "In these, the cause of action does not mature (so prescription does not begin to run) until it is known or at least knowable." Id. "*Contra non valentem* is an exceptional remedy" recognized in Louisiana jurisprudence and "must be strictly construed." Harsh v. Calogero, 615 So.2d 420, 422 (La. App. 4th Cir. 1993).

As mentioned, Thomas filed his petition for damages on August 19, 2011, more than one year after the August 13, 2010, accident at issue. He contends that prescription should be suspended in his case under the *contra non valentem* doctrine because his injuries resulting from his accident prevented him from pursuing his legal action within the one year prescriptive period allowed for tort claims. He has attached uncertified medical records from his hospital stay at Louisiana State University Health Sciences Center in support of his opposition, which he asserts prove that the doctrine of *contra non valentem* should apply. The records indicate that Thomas was transported by ambulance to the hospital where he was unable to sign intake documentation. See Record Document 13, Ex. A. Shortly thereafter, he became unresponsive. See id. He was intubated on August 13, 2010, and did not wake until August 15, 2010. He did not regain the ability to verbally communicate until August

5

17, 2010. See id., Ex. B. He asserts that at that time, he was "still heavily medicated and unable to recall the events that had transpired leading to his hospitalization." Id. He further contends that on August 19, 2010, he was again rendered unable to communicate, although the medical records submitted by Thomas do not explicitly state this.[3] His condition did not improve again until August 25, 2010. Thomas was unable to sit up until August 31, 2010.

In further support of his position that the doctrine of *contra non valentem* should apply, Thomas relies upon the Louisiana Supreme Court case of Corsey v. State of Louisiana, Department of Corrections, 375 So.2d 1319 (La. 1979). Corsey was a case in which a prisoner was mentally incapacitated as a result of the defendant's tortious conduct.[4] The Louisiana Supreme Court found that the third category of *contra non valentem* suspended the running of prescription. In Corsey, the same wrongdoing which gave rise to the cause of action made it impossible for the plaintiff to avail

---

[3]The records provided by Thomas state: "However, on August 19, 2010, the patient experienced an altered mental status. His GCS was down to 9 from 15." Record Document 13, Ex. B at 2. However, Thomas has not provided the court with any medical explanation whatsoever of what these statements mean, specifically what "GCS" means. Without this information, the court is left to glean this information from its own research, or that provided by the defendants in their reply brief (wherein the defendants cite, but do not attach, Taber's Cyclopedic Medical Dictionary).

[4]The plaintiff sustained brain damage which left him unable to speak, hear well or make himself understood.

himself of his legal remedy. See id. at 1323-24. Thomas asserts that "[l]ike Corsey, in this instance, Thomas'[s] incapacity is a direct result of defendants' negligence in causing the motor vehicle accident that not only led to Thomas'[s] injuries, but also to his incapacity and inability to act on his own behalf. As was the case in Corsey, *contra non valentem* should have suspended prescription as to Thomas'[s] personal injury claims until at least September 1, 2011." Record Document 13 at 5.

Contrary to Thomas's assertions, however, Corsey is easily distinguishable from the instant case. For example, in Corsey, for purposes of determining the question of prescription that was before the court, the defendant stipulated that the prisoner was mentally incapacitated for more than one year. See Corsey, 375 So.2d at 1320. The Corsey court further stated that a factor in its decision was that "the plaintiff was in the custody of the defendant agency during the entire period prescription was suspended, so that no one else was aware of the plaintiff's cause of action or could assert it on his behalf." Id. at 1321 n.3.

Furthermore, the policy issues do not weigh in favor of Thomas. As was stated in Harsh and is applicable here regarding *contra non valentem*:

> Beyond the fact that Corsey is distinguishable from the instant case, the policy considerations which underlie the doctrine of *contra non valentem* do not weigh in favor of the plaintiff. Initially it must be noted that the Civil Code provides that prescription runs against absent persons and incompetents, including minors and interdicts, unless

7

> exception is established by legislation. La. C.C. art. 3468. Thus, our legislature had made it clear that mental incapacity is insufficient to suspend the running of prescription. Additionally, *contra non valentem* is an exceptional remedy which should only be applied where the defendant is unable to act. The plaintiff was in no way impeded from acting. Even if we accept that the defendant's negligence caused her mental impairment, his negligence did not stop her from asserting her rights or conceal from her the facts which gave rise to her injury. Therefore, the doctrine of *contra non valentem* is inapplicable to the facts before us.

Harsh, 615 So.2d at 423.

As previously mentioned, since the face of the petition shows that the prescriptive period has elapsed, the plaintiff has the burden of establishing that prescription has been suspended or interrupted. See Lima v. Schmidt, 595 So.2d 624 (La. 1992). Thomas has not met his burden.[5] In addition, because the doctrine of *contra non valentem* is "an exceptional remedy recognized by [Louisiana] jurisprudence which is in direct contradistinction to articles in [the] Civil Code," it

---

[5]Furthermore, it is questionable whether the court should even consider the purported medical records submitted by Thomas, as the documents are neither certified nor supported by sworn affidavit. See Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). See also Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980) (Seventeen pages of medical records attached to affidavit "were not certified as required by Fed. R. Civ. P. 56(e) and thus were not properly considered by the district court."); Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir. 1976) ("Exhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.").

must be strictly construed. Harsh, 615 So.2d at 422. The facts of this case, in addition to all of these factors, lead this court to conclude that, as in Harsh, the doctrine of *contra non valentem* is inapplicable to the facts. Accordingly, Thomas's claim has prescribed and summary judgment is appropriate.

### III. CONCLUSION

The defendants' motion for summary judgment is **GRANTED**. All claims by Thomas against the defendants are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this ___6th___ day of March, 2012.

_____
JUDGE TOM STAGG